UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MYRON ULYSSES GREEN,

    Petitioner,

-vs-                                            Case No.  6:10-cv-1295-Orl-36KRS

SECRETARY DEPARTMENT
  OF CORRECTIONS, et al,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 7) and a supplemental response (Doc. No. 29) to the petition for writ of habeas corpus.  Petitioner filed replies to the responses (Doc. Nos. 28, 32, and 36).

I. *Procedural History*

Petitioner was charged by information with robbery with a firearm and aggravated battery with a firearm.  A jury trial was held, and Petitioner was found guilty as charged.  On December 1, 2004, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of forty years as to the robbery count and for a

term of twenty years as to the aggravated battery count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on October 3, 2005.

On September 28, 2006, Petitioner filed a motion for postconviction relief with the state trial court pursuant to Florida Rule of Criminal Procedure 3.850.[1] He later filed an amended Rule 3.850 motion and a supplemental Rule 3.850 motion. The trial court entered an order on March 10, 2009, denying the request for relief. The state appellate court affirmed the denial *per curiam* on September 22, 2009. Mandate was issued on December 23, 2009.

On April 30, 2010, Petitioner filed a federal habeas petition in this Court, *see* case number 6:10-cv-683-Orl-28KRS, which was dismissed without prejudice on August 4, 2010.

On June 27, 2011, after the instant habeas petition was filed, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court. The motion was denied on July 13, 2011, without prejudice. On September 6, 2011, Petitioner filed an amended motion, and the motion was granted on September 16, 2011, in that an additional 23 days was awarded to Petitioner as credit for time-served. The

---

[1] Although the motion was actually filed with the trial court on October 3, 2006, under the "mailbox rule," the motion would be deemed filed on September 28, 2006, the date when the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

State did not appeal from this order.

II.     *Petitioner's Habeas Petition is Untimely*

A.      *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.      *Discussion of Petitioner's Case*

Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on January 2, 2006, which was ninety days after entry of the appellate court's order

affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until January 2, 2007, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on August 25, 2010.

The one-year period ran for 269 days when Petitioner filed his Rule 3.850 motion with the state trial court on September 28, 2006. Those proceedings concluded on December 23, 2009, when the state appellate court issued mandate with regard to the appeal of the denial of his Rule 3.850 motion. Thus, the one-year period expired 96 days later on April 5, 2010, and the instant petition is untimely.[3]

The Court notes that Petitioner's Rule 3.800 motion was filed after the one-year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

The Court also notes that ninety days after October 3, 2005, was actually January 1, 2006; however, since that date was a holiday, the next appropriate date was January 2, 2006.

[3]The Court notes that ninety-six days after December 29, 2009, was actually April 4, 2010; however, since that date was a Sunday, the next appropriate date was April 5, 2010.

no period remaining to be tolled.").

Petitioner attempts to excuse his failure to timely file on the basis that 1) there was "legal confusion" on his part about whether certain state court proceedings tolled the one-year limitation period, and 2) "extraordinary circumstances" within the Department of Corrections caused him to miss the deadline.

Petitioner's first issue is without merit. The law is well-settled that "an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period." *Lingo v. Alabama*, No. 2:08-CV-122-MHT, 2010 WL 1254303, at *4 (M.D. Ala. March 3, 2010).[4] Consequently, Petitioner's "legal confusion" does not provide a basis for excusing his failure to timely file.

Likewise, the second issue is without merit. The Eleventh Circuit Court of Appeals has held as follows:

> Equitable tolling operates to save an otherwise untimely filed § 2254 petition if the petition was untimely filed "because of extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with due diligence." *Rainey v. Sec'y for Dep't of Corr.*, 443 F.3d 1323, 1330 (11th Cir.2006) (quotation omitted). Equitable tolling, however, is an extreme remedy and is applied sparingly. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir.2002). Melendez bears the burden of showing that equitable tolling is warranted and must demonstrate both (1) diligent efforts to timely

---

[4]The Court notes that Petitioner's prior federal habeas petition did not toll the one-year period. *Duncan v. Walker*, 533 U. S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition)

5

file and (2) extraordinary and unavoidable circumstances.

*Melendez v. Secretary, Dept. of Corrections,* 247 Fed. App'x 188, 189 (11th Cir. 2007).

Petitioner mentions that on October 5, 2005, while he was housed at the Henry Correctional Institution ("HCI"), the entire facility was evacuated due to a hurricane. According to Petitioner, he was not transferred back to HCI until November 22, 2005. Petitioner also asserts that from January 2006 through September 2006, he had difficulty obtaining legal help from a certified law clerk at HCI.

However, these incidents occurred several years prior to the expiration of the one-year period of limitation. Petitioner has failed to provide a valid reason for his failure to file his federal petition for habeas corpus before April 5, 2010, and the record reveals none. In particualr, Petitioner has failed to present an extraordinary circumstance or show that the delay was unavoidable even with due diligence. As such, Petitioner has wholly failed to carry his burden and does not meet the requirements necessary to qualify for equitable tolling.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Myron Ulysses Green (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

   **DONE AND ORDERED** in Chambers in Orlando, Florida, this 30th day of May, 2012.

                *Charlene Edwards Honeywell*
                Charlene Edwards Honeywell
                United States District Judge

Copies to:
OrlP-2 5/30
Counsel of Record
Myron Ulysses Green